# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH STEPHAN POTTER,

    Defendant.

Case No. 3:19-cr-00064-SLG

## ORDER REGARDING MOTION REQUESTING JUDICIAL RECOMMENDATION

Before the Court at Docket 44 is defendant Joseph Stephan Potter's Motion for Judicial Recommendation for Transfer to Residential Reentry Center or Home Confinement. Mr. Potter seeks a recommendation from this Court that the Bureau of Prisons (BOP) place him in a residential reentry center or home confinement for the remainder of his sentence, which is approximately eight months.[1] The government responded in opposition at Docket 45. The U.S. Probation Office filed a sealed investigation report at Docket 46.

On March 6, 2020, this Court sentenced Mr. Potter to 24 months imprisonment after he pleaded guilty to Possession of a Controlled Substance (Marijuana) with Intent to Distribute.[2] Mr. Potter is housed at the Nevada Southern

---

[1] Docket 44 at 1–2.

[2] Docket 41.

Detention Center (NSDC), a private facility that contracts with the U.S. Marshals Service and is not operated by the BOP.[3]  Mr. Potter's release date is estimated as March 6, 2021.[4]  Mr. Potter asserts that placement in a reentry center or release to home confinement to reside with his former attorney and family friend is warranted so that he can minimize his risk of contracting COVID-19 while incarcerated and because there are no programming or treatment options available to him at the NSDC.[5]  The government responds that Mr. Potter has not submitted any medical records to confirm his claimed asthma or stomach conditions and that Mr. Potter should serve the full 24-month sentence that the parties agreed to in their plea agreement and as imposed by the Court.[6]  The U.S. Probation Office recommends that Mr. Potter's request be denied because there is no verified medical information indicating that Mr. Potter is particularly susceptible to COVID-19 and because Mr. Potter poses a threat to the community.[7]

Mr. Potter seeks a judicial recommendation pursuant to "the Second Chance Act (SCA), the First Step Act (FSA), the Coronavirus Aid, Relief, and Economic Security Act ('CARES Act') and Attorney General Barr's Memoranda regarding

---

[3] Docket 44 at 2.

[4] www.bop.gov/inmateloc/ (last accessed July 30, 2020).

[5] Docket 44 at 2, 8–11.

[6] Docket 45 at 2–3; *see also* Docket 44 at 8 (describing asthma and "some kind of painful stomach growth").

[7] Docket 46 at 3–4.

Case No. 3:19-cr-00064-SLG, *United States v. Potter*
Order Re Motion Requesting Judicial Recommendation
Page 2 of 6
Case 3:19-cr-00064-SLG   Document 47   Filed 07/31/20   Page 2 of 6

Prioritization of Home Confinement."[8] Of those, only the Second Chance Act authorizes or contemplates the recommendation of the sentencing court as a factor to be considered by the BOP.

Congress has made BOP responsible for determining where to place federal inmates after entry of judgment.[9] The Second Chance Act of 2007 increased inmates' eligibility for placement in a residential reentry center from 6 to 12 months "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[10] Prior to the CARES Act, BOP could place an inmate in home confinement "for the shorter of 10 percent of the term of imprisonment . . . or 6 months."[11] The CARES Act now authorizes the Director of the Bureau of Prisons to lengthen the maximum amount of time that a prisoner may be placed in home confinement as the Director finds appropriate.[12] However, the Second Chance Act does not require that the BOP place a particular inmate in a residential reentry center or home confinement, and while the Court may make a recommendation for placement, "a district court's recommendation to the [BOP] is just that—a recommendation."[13]

---

[8] Docket 44 at 1.

[9] 18 U.S.C. § 3621(b).

[10] Pub. L. 110-199, § 251, 122 Stat. 657 (2008), codified at 18 U.S.C. § 3624(c)(1).

[11] Pub. L. 110-199, § 251, 122 Stat. 657 (2008), codified at 18 U.S.C. 3624(c)(2).

[12] Pub. L. 116-136, § 12003, 134 Stat. 281, 516 (2020).

[13] *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011).

Case No. 3:19-cr-00064-SLG, *United States v. Potter*
Order Re Motion Requesting Judicial Recommendation
Page 3 of 6
Case 3:19-cr-00064-SLG   Document 47   Filed 07/31/20   Page 3 of 6

In considering Mr. Potter's request pursuant to the Second Chance Act, the Court has reviewed each party's sentencing memoranda and the Presentence Report, all of which were submitted earlier this year for sentencing.[14] While the federal crime of conviction was a non-violent marijuana offense, Mr. Potter's criminal history at the time of sentencing included marijuana crimes and multiple charges of driving while impaired.[15] It also included a 2013 conviction for domestic violence assault in which Mr. Potter caused the victim to lose consciousness and a 2017 conviction for unlawful contact in which Mr. Potter used a gun and threatened to kill his infant son and himself during an argument with his son's mother.[16] The U.S. Probation Office reports that Mr. Potter has six state cases pending, all of which include allegations that Mr. Potter violated domestic violence protective orders in 2018.[17] The Probation Office concluded that "the defendant has shown a willingness to employ force against his domestic partners."[18] Based on this criminal history, the Court finds that Mr. Potter will present a risk to the community when he is released, particularly to his domestic partners.

---

[14] *See* Docket 32; Docket 34; Docket 36.

[15] Docket 32 at 10–12.

[16] Docket 32 at 11–12.

[17] Docket 46 at 2–3.

[18] Docket 46 at 4.

Case No. 3:19-cr-00064-SLG, *United States v. Potter*
Order Re Motion Requesting Judicial Recommendation
Page 4 of 6
Case 3:19-cr-00064-SLG   Document 47   Filed 07/31/20   Page 4 of 6

The Court has also considered BOP's internal criteria for assessing inmates for release to home confinement in light of the COVID-19 pandemic.[19] The BOP's non-exhaustive list of factors includes the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's PATTERN score,[20] the inmate's re-entry plan, and the inmate's crime of conviction. Here, Mr. Potter is 39 years old and has not substantiated his claimed medical issues that could make him particularly vulnerable to COVID-19.[21] And Mr. Potter does not provide any information in his motion with respect to his security level, conduct in prison, or PATTERN score.[22] Mr. Potter's proposed re-entry plan would have him reside in the Anchorage area in an RRC or with a family friend,[23] which could be of concern if the alleged victim in the six pending court cases pending in Anchorage Superior Court currently resides in the Anchorage area as well. And the Court finds that generalized risks

---

[19] Memorandum from Attorney Gen. William P. Barr to Dir. of Bureau of Prisons (Mar. 26, 2020), available at www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf (last accessed July 30, 2020).

[20] PATTERN is the Department of Justice's Prisoner Assessment Tool Targeting Estimated Risk and Needs.

[21] Mr. Potter asserts in his motion that he has asthma and "stomach issues." Docket 44 at 8. The Final Presentence Report, dated January 21, 2020, identified only Tourette's Syndrome as a health issue. Docket 32 at 18.

[22] The probation officer indicates that he requested Mr. Potter's performance records from NSDC but had not received them by the date of his report. Docket 46 at 1. The Final Presentence Report noted that Mr. Potter "complied with Department of Corrections officials while detained on pretrial supervision." Docket 32 at 7.

[23] Docket 44 at 7.

Case No. 3:19-cr-00064-SLG, *United States v. Potter*
Order Re Motion Requesting Judicial Recommendation
Page 5 of 6
Case 3:19-cr-00064-SLG   Document 47   Filed 07/31/20   Page 5 of 6

of COVID-19 to those in a correctional institution do not independently justify making such a recommendation.[24]

In light of the foregoing, IT IS ORDERED that Mr. Potter's request for a Court recommendation set forth in the motion at Docket 44 is DENIED.

DATED this 31st day of July, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[24] *Cf. United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *5 (W.D. Wash. May 20, 2020) (finding that vague claims that conditions of confinement are "ripe" for COVID-19 infections and generalized concerns about the COVID-19 pandemic are not sufficient to establish the extraordinary and compelling reasons necessary to justify compassionate release); *United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a [pretrial detainee] should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Case No. 3:19-cr-00064-SLG, *United States v. Potter*
Order Re Motion Requesting Judicial Recommendation
Page 6 of 6
Case 3:19-cr-00064-SLG   Document 47   Filed 07/31/20   Page 6 of 6